

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2009

# USA v. Vas

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4932

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Vas" (2009). *2009 Decisions.* Paper 1973.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1973

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4932
No. 07-1803
No. 07-2462
_____

UNITED STATES OF AMERICA,

Appellee,

v.

NORVEL VAS,

Appellant
_____

On Appeal from United States District Court
for the Eastern District of Pennsylvania
(D.C. No.: 04-cr-00489)
District Judge: Honorable Cynthia M. Rufe
_____

Submitted Under Third Circuit LAR 34.1(a)
January 6, 2009

Before: CHAGARES, and HARDIMAN, *Circuit Judges* and GARBIS,* *District Judge*

(Filed: January 29, 2009)
_____

OPINION OF THE COURT
_____

_____

*The Honorable Marvin J. Garbis, District Judge for the United States District Court
for the District of Maryland, sitting by designation.

HARDIMAN, *Circuit Judge.*

A jury convicted Norval Vas, a convicted felon, of possessing a firearm in violation of 18 U.S.C. § 922(g)(1). Vas argues that the Government failed to prove its case beyond a reasonable doubt and that the District Court erred by denying his motion to suppress evidence. We will affirm.

## I.

Because we write exclusively for the parties, we recount only the essential facts.

In October 2002, three law enforcement officers in plain clothes spotted Vas while patrolling a high crime area of Philadelphia in an unmarked car at approximately 8:00 p.m. Vas immediately ducked behind a parked car and peered over his sunglasses at the officers. Officer Eric Riddick then alighted from the car and Vas ran. After checking the area near the car, Riddick walked in the direction that Vas had run, and saw him in a nearby driveway, placing a gun in the wheel well of a vehicle. After Riddick was joined by another officer, they identified themselves and told Vas they wanted to talk to him. Vas ran again, the officers retrieved the gun, and Vas was arrested at a nearby residence.

## II.

Vas first argues that his conviction should be vacated because the Government presented insufficient evidence to connect him to the gun that was found.

It is axiomatic that "a conviction must be supported by sufficient evidence." *See, e.g., Burks v. United States*, 437 U.S. 1, 16-17 (1978). We apply "a particularly

deferential standard of review when deciding whether a jury verdict rests on legally sufficient evidence." *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998). We view the evidence in the light most favorable to the verdict winner, and will affirm if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. This is, of course, a rather minimal burden. *Id.*

In support of his first claim, Vas relies heavily on the timeline of events. He claims it would have been impossible for Riddick to have seen him hide the gun because Riddick testified that he walked after Vas had run from where Vas was originally spotted. According to Vas, this physical impossibility led to a jury verdict based on speculation, conjecture, or surmise that the officer had seen Vas place the gun in the wheel well.

This argument plainly fails because it requires us to disbelieve Riddick's testimony that he witnessed Vas place the gun in the wheel well of the vehicle. The verdict demonstrates that the jury credited Riddick's testimony and it would be improper to weigh this evidence on appeal. *United States v. Carr*, 25 F.3d 1194, 1201 (3d Cir. 1994). Contrary to Vas's argument, the jury's verdict was neither conjectural nor irrational. When he saw the police, Vas fled. Vas then changed his clothes and abandoned part of his attire, along with his sunglasses and cap, in a different location than where the gun was found. Finally, Vas gave a false name after he was eventually arrested on a nearby porch. Taking all of these facts in the light most favorable to the Government, it is clear that the evidence was sufficient to sustain the jury's verdict.

III.

Vas next argues that the District Court erred when it denied his motion to suppress the firearm recovered by Riddick. We review the "denial of a suppression motion for clear error as to the underlying facts, but exercise plenary review as to its legality in light of the district court's properly found facts." *United States v. Coles*, 437 F.3d 361, 365 (3d Cir. 2006). Vas claims that the firearm was seized without a warrant, without probable cause, and in the absence of exigent circumstances. Vas's contentions, even if true, are irrelevant because the Fourth Amendment affords him no protection as he was never seized.

"The word 'seizure' readily bears the meaning of a laying on of hands or application of physical force to restrain movement, even when it is ultimately unsuccessful. . . . It does not remotely apply, however, to the prospect of a policeman yelling 'Stop, in the name of the law!' at a fleeing form that continues to flee. That is no seizure." *California v. Hodari D.*, 499 U.S. 621, 626 (1991).

In *Hodari D.*, the defendant threw cocaine in an alley while running from police. The Supreme Court held that Hodari D. was not seized when the officers chased him, and therefore the Fourth Amendment did not apply. Because he abandoned the cocaine before being seized, the officers legally took control of it. Here, the officers were free to exit their car and walk about the public streets. They were merely walking in Vas's direction and had not even told him to stop when he abandoned the firearm. Thus,

4

because Vas was not seized, the police were free to recover any evidence he abandoned.

Vas was eventually seized and arrested on the porch of a nearby house. By that time, the police had seen him lay down the firearm and discovered its obliterated serial number, and thus had probable cause to arrest him.

In sum, because the evidence was sufficient to support Vas's conviction and his motion to suppress was not well-founded, we will affirm the judgment of the District Court.